IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STERLING WESLEY HARRIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-913-D-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Sterling Wesley Harris has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's motion should be denied.

**Background**

Petitioner pled guilty to wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2, pursuant to a plea agreement and factual resume. He was sentenced to 70 months imprisonment on February 3, 2012. A direct appeal was dismissed based on Petitioner's motion. *See United States v. Harris*, No. 12-10179 (5th Cir. Mar. 13, 2012). Petitioner then filed this timely motion to vacate, set aside, or correct sentence, asserting that he received ineffective assistance of counsel.

**Legal standards**

A Section 2255 motion is the proper procedural vehicle for raising a claim of ineffective assistance of counsel. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th

Cir. 1992). The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *See id.* at 687. Second, he must establish that he was prejudiced by the attorney's substandard performance. *See id.* at 691-92.

In order to obtain post-conviction relief due to ineffective assistance of counsel in the context of a guilty plea, the *Strickland* prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy this standard, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a petitioner must establish that he was subjected to additional jail time due to the deficient performance of his attorney. *See United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004) (citing *Glover v. United States,* 531 U.S. 198, 203 (2001)). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh,* 884 F.2d 871, 876 (5th Cir. 1989).

## Analysis

<u>Ineffective Assistance in Connection with Guilty Plea</u>

In his first ground for relief, Petitioner claims that his attorney, Brett Stalcup, provided ineffective assistance by advising him to admit to false statements contained in his factual resume, which led to an unanticipated sentencing enhancement. Petitioner's factual resume contained the following statement:

> For many of the properties in the scheme, including most of the properties at The Habitat, Harris directed the title company to disburse approximately $19,000 per property from the seller's proceeds to a company identified as "ACP Real Estate." ... Harris then directed the owner of ACP Real Estate to distribute the money to Harris and others, including nonlicensed persons.

*United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 61 at 2. Based on this stipulation and the investigative materials submitted during the presentence investigation, the United States Probation Officer recommended a three-level enhancement under U.S.S.G. § 3B1.1(b) for Petitioner's role as manager or supervisor within the criminal activity. *See United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 120-1 at 6-10 & 13. Relying on this information, the Court applied the three-level enhancement at sentencing. *See United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 178 at 6-7.

Petitioner now urges the Court to find that his attorney was ineffective for advising him to admit to these allegedly untrue statements in the factual resume and failing to recognize that the stipulation would result in the sentencing enhancement. *See* Dkt. No. 2 at 5-7; Dkt. No. 6. Petitioner claims that, prior to signing the factual resume, he told his attorney that the statements were not true because he "never

directed the title companies on how to disburse the commissions ... and that [he] never directed the owner of ACP Real Estate." Dkt. No. 2-1 at 3. Stalcup allegedly responded that the prosecutor was unwilling to change the language of the factual resume, so Petitioner must agree to the stipulation and enter a guilty plea or proceed to trial. *See id.* Petitioner decided to sign the plea agreement and factual resume, plead guilty to one count of wire fraud, and forego trial. *See id.*

At his Federal Rule of Civil Procedure 11 re-arraignment hearing, Petitioner affirmed under oath that the facts contained within the factual resume were true and correct. He stated that (1) he had an opportunity to read the document carefully and discuss it with his attorney; (2) he understood the factual resume before he signed it; and, (3) the factual resume is true and correct in every respect. *See United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 177 at 15. Petitioner also admitted to the truth of the stipulations in his written plea agreement, *see United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 60 at 1 (Petitioner "agrees that the factual resume he has signed is true and will be submitted as evidence"), and in an interview with the Probation Officer, *see United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 120-1 at 11. Although his attorney initially objected to the manager/supervisor enhancement, that objection was withdrawn at sentencing with the assent of Petitioner, who stated that he agreed with the withdrawal because "I'm here to take responsibility." *See United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 178 at 5-6.

Petitioner has failed to establish that his attorney was deficient. Petitioner stated under oath that his factual resume, which he had read carefully, discussed with

counsel, and understood, was "true and correct in every respect." *United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 177 at 15. His plea agreement also declared that the factual resume is true. *See United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 60 at 1. These representations during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

Petitioner now contends that his lawyer was ineffective for telling him that he must either sign the plea documents or go to trial, which "was not a viable alternative." *See* Dkt. No. 2-1 at 3. In this regard, Petitioner's claims are much like those considered by the United States Court of Appeals for the Fifth Circuit in *United States v. Presley,* 415 F. App'x 563, 570 (5th Cir. 2011). There, as here, the defendant claimed that his attorney was ineffective for counseling him to sign a factual resume that contained allegedly false information that led to a sentencing enhancement – in that case, that Presley recruited others for the conspiracy, was responsible for a loss amount of between $200,000 and $400,000, and made identification cards – or risk a lengthy prison sentence. *See id.* at 565-66.

The Fifth Circuit rejected Presley's claims that his lawyer was deficient, explaining:

> Presley's complaints of ineffective assistance of counsel strike the court as hollow. A review of the record reveals that Presley took no exception with the contents of the factual resume until the PSR was produced and

> disclosed to him, and the gravity of his potential sentence was made evident. In fact, a comparison of his original PSR with those portions of the factual resume with which Presley would later take exception reveal disagreements with the PSR's loss amount, its designation of Presley as leader/organizer designation of the scheme, and that he created false identification for those involved. A plainly reasonable inference is that Presley's attempts to cherry-pick the factual resume and take exception with certain portions of the PSR evince an attempt to avoid the harshest penalties his admitted-to crimes carry. Had the district court permitted Presley to extract portions of his factual resume in an attempt to avoid certain penalties, it would allow Presley to admit guilt to only those portions of the factual resume which, to him, comported with his concept of what should be an ideal sentence. He effectively seeks the best of both worlds.

*Id.* at 570. There, like here, the defendant did not establish that his attorney's advice to accept the terms of the plea agreement was deficient.

In any case, Petitioner has not established that Stalcup's advice prior to his guilty plea was prejudicial under *Strickland*. At no point does Petitioner allege, much less establish, that there is a reasonable probability that, but for his attorney's actions, he would not have pleaded guilty but would have gone to trial. *See Hill*, 474 U.S. at 59. Petitioner does not indicate that his counsel's allegedly faulty advice led to an involuntary guilty plea. Instead, he only claims that the advice led him to admit to conduct that later resulted in a more severe sentence of imprisonment.

There is simply no basis for the Court to conclude – even accepting all of Petitioner's factual assertions in support of his Section 2255 motion – that Petitioner would have insisted on going to trial if his counsel had acted in some other way. Indeed, Petitioner admits that he was told by his attorney that his two options were to accept the objectionable language of the factual resume or go to trial and that he

-6-

chose to admit to the conduct contained within the factual resume.

Petitioner does not, even now, claim that, if his attorney had counseled him differently or explained the manager/supervisor enhancement, he would have proceeded to trial – or, for that matter, that he would have refused to sign the proposed factual resume and, in the absence of an agreement with the government, pled guilty to the entire indictment. Accordingly, Petitioner cannot establish prejudice.

<u>Ineffective Assistance of Counsel at Sentencing</u>

Petitioner also alleges that Stalcup was ineffective for neglecting to persist in his objection to the "factually and legally unsupportable" sentencing enhancement. This claims also fails for several reasons.

First, Petitioner has failed to establish that an objection to the USSG § 3B1.1(b) enhancement had merit. As discussed above, Petitioner admitted in his factual resume that he directed ACP Real Estate to distribute real estate commissions to entities that he had identified, including unlicensed persons. *See United States v. Harris*, No. 3:11-cr-77-D(3), Dkt. No. 61 at 2; Dkt. No. 156-1 at 2-3.

And additional information provided to the Probation Officer supported a finding that Petitioner directed co-defendant Robert Pauley to distribute real estate commissions related to the mortgage fraud, directed co-defendant Koreem Djuan Baker on how to handle the construction monies received, and instructed co-defendant Jeffrey Gibson which title companies to visit to finalize the real estate sales. *See* Dkt. No. 10 at 7, 10, 13-14, 16-17. This information provides the factual support for the Court's determination that Petitioner was "the organizer, leader, manager, or supervisor of one

or more other participants" for purposes of the manager/supervisor enhancement. USSG § 3B1.1 n.2; *see also United States v. Mauskar*, 557 F.3d 219, 235 (5th Cir. 2009).

Accordingly, an objection to application of the enhancement would have been meritless and cannot form the basis of an ineffective assistance claim. *See, e.g.*, *Sones v. Hargett,* 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel is not deficient for failing to argue a meritless point).

For that same reason, Petitioner has failed to establish that he was prejudiced by Stalcup's actions. Petitioner has not provided any evidence to suggest that he received additional jail time because his attorney withdrew the objection to the enhancement. *See Glover,* 531 U.S. at 203; *see also Grammas*, 376 F.3d at 436.

Reliable evidence supported the Court's finding that Petitioner was a manager or supervisor of one or more other participants in a conspiracy with more than five participants such that USSG § 3B1.1(b) was properly applied. Accordingly, Petitioner was not prejudiced by his attorney's failure to persist in the objection.

<u>Evidentiary Hearing</u>

Petitioner does not appear to request an evidentiary hearing, and the undersigned does not believe that one is merited in this case. The Fifth Circuit has held that "'[a] motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)).

Here, there are no factual disputes that, if resolved in Petitioner's favor, would

entitle him to relief. Accordingly, an evidentiary hearing is not required. *See Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994).

## Recommendation

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE